UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:

Michael E. Watson,

      Debtor.
_____/

Case No. 09-73688
Chapter 7
Hon. Phillip J. Shefferly

**ORDER DENYING MOTION TO DEEM THE
REAFFIRMATION AGREEMENT COVER SHEET OFFICIAL
FORM B27 INAPPLICABLE TO MICHIGAN CATHOLIC CREDIT UNION**

On December 10, 2009, Michigan Catholic Credit Union filed a motion (docket entry no. 14) requesting that the Court find that Michigan Catholic Credit Union is not required to file the reaffirmation agreement cover sheet official form B27 that was prescribed by the Judicial Conference of the United States effective December 1, 2009. The motion alleges that Michigan Catholic Credit Union should not have to file official form B27 because the information required by that official form is only necessary to enable the Court to determine whether a presumption of undue hardship arises under § 524(m)(1) of the Bankruptcy Code. Michigan Catholic Credit Union asserts that because § 524(m)(2) specifically provides that the presumption of undue hardship that arises under § 524(m)(1) does not apply to credit unions, then Michigan Catholic Credit Union should be excused from the requirement of filing official form B27. The Court disagrees.

Fed. R. Bank. P. 9009 states that the official forms prescribed by the Judicial Conference of the United States shall be observed and used with alterations as may be appropriate. When the Judicial Conference prescribed official form B27 effective December 1, 2009, it required the form

to be filed with every reaffirmation agreement. It did not exempt credit unions from filing official form B27.

Second, Fed. R. Bankr. P. 4008(a) expressly states that a reaffirmation agreement filed with the Court "shall be accompanied by a cover sheet, prepared as prescribed by the appropriate Official Form." It does not exempt credit unions from this requirement.

Third, the fact that credit unions are exempt from the undue hardship presumption of § 524(m)(1) does not mean that official form B27 is of no use to debtors, creditors and the Court with respect to reaffirmation agreements between debtors and credit unions. The form requests a number of items of information about the debt to be reaffirmed. Many of these items do not relate solely to the determination of whether a presumption of undue hardship arises under § 524(m)(1). For example, form B27 requires a statement of the amount of the debt on the date of bankruptcy, the amount of the debt to be reaffirmed, the interest rate on the date of bankruptcy, the interest rate on the reaffirmed debt, an indication of whether the interest rate is fixed or adjustable, the number of monthly payments, a description of the collateral, if any, securing the debt, a description of the market value of the collateral, and a statement as to whether the debt is nondischargeable. Those facts are relevant to the Court's determination of whether all of the requirements of § 524 are met, and not just whether a presumption of undue hardship may arise with respect to reaffirmation agreements with creditors other than credit unions.

Fourth, while it is true that the reaffirmation agreement cover sheet does require some information (particularly in questions 7 through 12) that is useful to the Court in determining whether a presumption of undue hardship arises under § 524(m)(1) for those creditors to whom that section applies, the information contained in the answers to those questions is independently

required by Fed. R. Bank. P. 4008(b) and assists the Court in understanding any differences between the information that may be set forth on a debtor's schedules I and J, and the information set forth on a debtor's statement required by § 524(k)(6)(A) of the Bankruptcy Code.

Fifth, the Committee Note to official form B27 explains that this new form gathers "certain financial information, including information necessary for the court to determine whether a reaffirmation agreement creates a presumption of undue hardship. . . ." Although form B27 does provide information to help the Court to determine whether a presumption of undue hardship arises under § 524(m) of the Bankruptcy Code for creditors other than credit unions, by use of the word "including," the Committee Note recognizes that providing such information is just one of the purposes of official form B27 and that the form assembles financial information to assist the parties and the Court in determining if all of the requirements of § 524 are met.

After reviewing form B27, the Committee Note to the form, § 524 of the Bankruptcy Code and Fed. R. Bankr. P. 4008, the Court concludes that there is no basis to find that the requirement of filing official form B27 is "inapplicable" to Michigan Catholic Credit Union. Accordingly,

**IT IS HEREBY ORDERED** that the motion to deem the reaffirmation agreement cover sheet official form B27 inapplicable to Michigan Catholic Credit Union is denied.

**Signed on January 13, 2010**

                **/s/ Phillip J. Shefferly**
                **Phillip J. Shefferly**
                **United States Bankruptcy Judge**